Dear Mr. Harris:
You have requested the opinion of this office on the following issues:
1. Is the Sabine River Authority generally required to comply with the Louisiana Public Bid Law, R.S. 38:2211 and following?
2. Is the Sabine River Authority required to comply with the Louisiana Public Bid Law when expending funds received pursuant to Act 45 of the 1994 Regular Session?
Act 272 of 1990 transferred the Sabine River Authority (SRA) to the Department of Transportation and Development (DOTD) with the mandate that SRA:
 . . . perform and exercise its powers, duties, functions, and responsibilities in the manner provided for agencies transferred in accordance with the provisions of R.S. 36:801.1.
R.S. 36:801.1 then provides that SRA:
 . . . shall continue to exercise all powers, duties, functions, and responsibilities provided or authorized . . . by the constitution or laws which are in the nature of policymaking, rulemaking, licensing, regulation, enforcement, or adjudication and also shall continue to exercise all advisory powers, duties, and functions provided by law, and . . . shall continue to administer and implement all programs provided or authorized . . . by law . . . shall continue to perform and administer its functions which are in the nature of accounting and budget control, procurement and contract management, management and program analysis, data processing, personnel management, and grants management.
The statute continues by directing that SRA do the above:
 . . . independently of the secretary, the undersecretary, and any assistant secretary [of DOTD].
R.S. 38:2325 outlines the powers of the SRA, which include the following:
(c) To make and enter contracts . . .
 (d) To let contracts for the construction or acquisition in any other manner of property and facilities incident to the carrying out of the corporate purposes of the Authority, which contracts shall be let in such manner as shall be determined by the board of commissioners. (Emphasis added.)
* * *
 (l) To purchase or construct all works and facilities necessary or convenient to the exercise of the foregoing powers and to accomplish the purposes specified in this Chapter, and to purchase or otherwise acquire, within its territorial jurisdiction all real and personal property necessary or convenient for carrying out such purposes.
As if those powers were not sweeping enough, R.S. 38:2337
provides:
 This Chapter shall be full, complete and independent authority for the performance of all acts herein authorized, and no other statute or legislative act shall be construed to be applicable to the carrying out of the powers herein granted unless herein expressly so made applicable . . . . This Chapter being intended to carry out a function of the state to protect the health and welfare of the inhabitants of the portion of the state to be affected hereby, shall be liberally contrued by the courts to effect its purposes.
Rarely in our law do we find such a sweeping grant of independent authority to an agency of the state. As a state agency it would routinely be subject to the Public Bid Law, but as a consequence of the unique grant of discretion to the board of commissioners in R.S. 38:2325 and the sweeping exemption from application of general law in R.S. 38:2337, it clearly is not.
Your request indicates that the Public Bid Law has been enacted since the creation of the SRA by Act 261 of 1950 and that therefore, the Public Bid Law where it conflicts with the authority of the SRA should be given effect as the most recent expression of the legislative will. Our research indicates that the essential elements of the Public Bid Law have been a part of Louisiana law at least since 1924 and that the statute has been amended virtually every legislative session since then. However, the "most recent expression" test is applied only when there is an irreconcilable conflict between the provisions of two enactments. In this case we do not find such an irreconcilable conflict since the Public Bid Law is a general law and the SRA statute is a law specific to the power and authority of one particular agency.
In Arnold v. Board of Levee Commissioners of the Orleans LeveeDistrict, 366 So.2d 1321 (La. 1978), the Louisiana Supreme Court recognized that special statutes may operate as an exemption from the general law in situations such as those reflected in the SRA's authorizing legislation.
Therefore, in response to your first issue we conclude that the SRA is not subject to the requirements of the Public Bid Law.
Your second issue deals with the application of the Public Bid Law to expenditures of the SRA made pursuant to Act 45 of 1994, the capital outlay budget for the 1994-95 fiscal year. Section 3 of that Act provides:
 The expenditure of funds appropriated in this Act shall be in conformity to all existing statutes relative to public bidding, contractual review, and R.S. 39:101 through 128 and any other statutes affecting the capital outlay program for state government, state institutions and other political entities.
This language makes clear that all expenditures from the monies appropriated by Act 45 of 1994 are to be made in compliance with the Public Bid Law, notwithstanding special statutes such as that which created the SRA. Therefore, if SRA expended any funds pursuant to this Act, contracts for such expenditures were required to be awarded in compliance with the Public Bid Law. Project identification number 119 in that Act appropriates to DOTD for the SRA the sum of $11,000,000 from self generated funds for the purpose of "planning, construction, land acquisition, and development of convention center, marina, outdoor pavilion, and other recreational facilities". Notwithstanding this unambiguous appropriation, I am assured by counsel for the SRA that the agency did not receive any of the funds appropriated in the 1994 Capital Outlay Budget, Act 45 of 1994. We will leave verification of this information to your office which is in a better position to do so than this office.
I trust that this answers your inquiries. Please let us know if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla